IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC WESTERFIELD,

                    PETITIONER,

                                        Case No. 2:14-cv-2012
            v.                          Judge Graham
                                        Magistrate Judge King

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

                    RESPONDENT.


**REPORT AND RECOMMENDATION**

     Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his life sentence, imposed on December 6, 2007, on one count of rape of a child less than 10 years of age in violation of O.R.C. § 2907.02, and his classification as a sexual predator. Petitioner specifically contends that he was not afforded notice and opportunity to be heard prior to his classification as a sexual predator (claim one), and that the life sentence was improperly imposed retroactively (claim two). This matter is now before the Court on the *Petition*, ECF 1, respondent's *Motion to Dismiss,* ECF 5, petitioner's *Response in Opposition*, ECF 8, and the exhibits of the parties. For the reasons that follow, the Court concludes that the action was untimely filed.

     Petitioner was sentenced to life in prison and was classified as a sexual predator by the Franklin County Court of Common Pleas on December 6, 2007. *Exhibit* 7, attached to *Motion to Dismiss*. Petitioner timely pursued a direct appeal but, on September 4, 2008, the Ohio Court of Appeals for the Tenth District affirmed the judgment of

1

conviction. *Exhibit 12*, attached to *Motion to Dismiss*. *See also State v. Westerfield*, Case No. 07AP-1072 (Ct. App. 10th App. Dist.).

Petitioner timely filed a notice of appeal in the Ohio Supreme Court, but that court declined jurisdiction to hear the case on February 4, 2009. *Exhibit 16*, attached to *Motion to Dismiss*. See also *State v. Westerfield*, 120 Ohio St. 3d 1506 (2009). Petitioner's motion for reconsideration was denied by the Ohio Supreme Court on April 8, 2009. *Exhibit 19*, attached to *Motion to Dismiss*.

Petitioner took no further action until he filed a motion to vacate his sex offender classification on January 30, 2013. *Exhibit 20*, attached to *Motion to Dismiss.* The trial court denied that motion on March 13, 2013. *Exhibit 22*, attached to *Motion to Dismiss*.

Petitioner timely appealed that decision to the state court of appeals, which affirmed the judgment of the trial court on September 26, 2013. *Exhibit 27-28*, attached to *Motion to Dismiss*.

Petitioner filed a notice of appeal from that decision in the Ohio Supreme Court, which declined to accept jurisdiction on March 12, 2014. *Exhibit 36*, attached to *Motion to Dismiss*.

The *Petition* was filed in this Court on October 21, 2014. The *Petition* appears to have been signed by petitioner on October 10, 2014. *Id.*, at PAGEID#: 15. Respondent contends that the action is untimely. *Motion to Dismiss*.

Federal law establishes a one-year statute of limitations on the filing of habeas corpus actions:

[T]he the one-year limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation by the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends that petitioner's conviction became final on July 7, 2009, *i.e.,* upon the expiration of the time for seeking review by the United States Supreme Court from the Ohio Supreme Court's denial of petitioner's motion for reconsideration. *See Jimenez v. Quarterman,* 655 U.S. 113, 119 (2009). This Court agrees with that calculation.  The statute of limitations therefore expired one year later, *i.e.,* on July 7, 2010. As noted *supra*, the *Petition* was filed more than four (4) years later, in October 2014.

Petitioner does not appear to disagree that his conviction became final on July 7, 2009. *See generally, Response in Opposition*. However, petitioner "invoke[s] the miscarriage of justice exception as held by (AEDPA) as a 'gateway' eliminating procedural obstacles. . . . " *Id.* at PAGEID#: 302. Petitioner also refers to "a colorable assertion of innocence. . . ." *Id.*

3

"[W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). However, in order to serve as a gateway to consideration of the merits of an otherwise untimely petition, a claim of actual innocence must be based on newly-presented and reliable evidence, *Chavis-Tucker v. Hudson*, 348 Fed. Appx. 125, 133 (6th Cir. 2009), which can take the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In the case presently before the Court, however, petitioner offers no new evidence, but merely presents legal arguments in support of his two claims for relief. Petitioner has not offered the "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *see Schlup,* 513 U.S. at 327, that will serve to excuse the untimely filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

It is therefore **RECOMMENDED** that the *Motion to Dismiss*, ECF 5, be granted and that this action be dismissed as untimely.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28

4

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

April 7, 2015                        *s/Norah McCann King*
                                     Norah M^cCann King
                                     United States Magistrate Judge

5