IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIC WESTERFIELD,**

      **PETITIONER,**

                                 **Case No. 2:14-cv-2012**
      **v.**                                **Judge Graham**
                                 **Magistrate Judge King**

**WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,**

      **RESPONDENT.**

<u>ORDER</u>

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254 in which Petitioner challenges his life sentence, imposed on December 6, 2007, on one count of rape of a child less than 10 years of age in violation of O.R.C. § 2907.02, and his classification as a sexual predator. Petitioner specifically contends that he was not afforded notice and opportunity to be heard prior to his classification as a sexual predator (claim one), and that the life sentence was imposed retroactively (claim two). On April 7, 2015, the United States Magistrate Judge recommended that Respondent's motion to dismiss the action as untimely, *Motion to Dismiss*, ECF 5, be granted. *Report and Recommendation*, ECF 9. This matter is now before the Court on Petitioner's objection to that recommendation, *Objection,* ECF 12. The Court will consider the matter *de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Respondent contends that Petitioner's conviction became final on July 7, 2009, *i.e.,* upon the expiration of the time for seeking review by the United States Supreme Court from the Ohio Supreme Court's denial of petitioner's motion for reconsideration. *See Jimenez v. Quarterman,* 655 U.S. 113, 119 (2009). The Magistrate Judge agreed with that calculation and concluded that the statute of limitations therefore expired one year later, *i.e.,* on July 7, 2010. Because the the *Petition* was filed more than four (4) years later, in October 2014, the Magistrate Judge concluded that the action was not filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). *Report and Recommendation*.

In his objection, Petitioner contends that the challenged judgment never became final because it is void under state law. *See generally Objection*.

Federal law requires that a petition for a writ of habeas corpus under 28 U.S.C. § 2254 be filed within one year after the challenged state court judgment becomes final. 28 U.S.C. § 2244(d)(1). Application of this statute of limitations is a matter of federal law and a petitioner who wishes to challenge a state court judgment cannot avoid this federal statute of limitations merely by characterizing his conviction as void under state law.

Petitioner's objection, *Objection,* ECF 12, to the *Report and Recommendation*, ECF 9, is **DENIED**. The *Report and Recommendation*, ECF 9, is **ADOPTED AND AFFIRMED.**

Respondent's *Motion to Dismiss*, ECF 5, is **GRANTED**. This action is **DISMISSED** as untimely.

The Clerk is **DIRECTED** to enter final judgment accordingly.

Date: May 27, 2015

```
                                        _____s/James L. Graham___
                                        James L. Graham
                                        United States District Judge
```